UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(609) 989-2040

CHAMBERS OF
**TONIANNE J. BONGIOVANNI**
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE

402 E. STATE STREET, RM 6052
TRENTON, NJ 08608

February 5, 2008

**LETTER ORDER**

    **Re:**    <u>MacDermid Printing Solutions, L.L.C. v. E.I. du Pont de Nemours and Company,
Civil Action No. 07-4325 (MLC)</u>

Dear Counsel:

The Court has received and reviewed the parties' letter briefs regarding whether Defendant E.I. du Pont de Nemours and Company ("DuPont") should have to respond to Plaintiff MacDermid Printing Solutions, L.L.C.'s, ("MacDermid") interrogatory to the extent it seeks information concerning digital flexographic printing plates that DuPont sold prior to September 11, 2007. As an initial matter, the Court notes that it has broad discretion in deciding discovery issues. *See Gerald Chamales Corp. v. Oki Data Americas*, Inc., --- F.Supp. 2d ---, Civ. No. 07-1947 (JEI), 2007 WL 4789040, at *1 (D.N.J. Dec. 11, 2007). The Court further notes that under the Federal Rules of Civil Procedure, in general, "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party." FED. R. CIV. P. 26. Further, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* However, despite this breadth, discovery is not without bounds (s*ee Unicasa Mktg. Group, LLC v. Spinelli*, Civil Action No. 04-4173 (PGS), 2007 WL 2363158, at *2 (Aug. 15, 2007)), and courts will not permit parties to engage in fishing expeditions. *See Claude B. Bamberger Int'l, Inc. v. Rohm and Haas Co.*, No. CIV. 96-1041 (WGB), 1998

WL 684263, at *2 (April 1, 1998).

At this juncture, the Court denies MacDermid's application to compel DuPont to provide information concerning digital flexographic printing plates that DuPont sold prior to September 11, 2007. While the Court agrees that "[t]he judicial system is a forum designed for discovering the truth – not hiding the truth" (MacDermid's Ltr. Br. at 6), the Court notes that it also is not a forum that allows for discovery fishing expeditions. Rather, "[t]he discovery rules are designed to assist a party to prove a claim that it reasonably believes to be viable *without discovery*, not to find out if it has any basis for a claim." *Claude B. Bamberger*, 1998 WL 684263, at *2 (quoting *Micro Motion ,Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990)). Moreover, the fact that the discovery sought "might uncover evidence showing that a plaintiff has a legitimate claim does not justify the discovery request." *Id.* Here, MacDermid has failed to establish a reasonable basis for a claim that DuPont's digital flexographic printing plates sold prior to September 11, 2007 infringe any claim of the '835 patent and, as such, has failed to adequately establish the relevancy of the information sought.[1]

On a related but different point, the Court notes that it does not appear that the parties met and conferred in an effort to resolve this issue without Court intervention. The Court instructs the parties that future applications will not be considered unless the parties have met and conferred in good faith, either in-person or telephonically, in an effort to work out or at the very lest narrow their dispute. The Court understands that some disputes cannot be resolved without Court intervention; however this is the exception, not the rule.

**IT IS SO ORDERED.**

    s/ Tonianne J. Bongiovanni
**TONIANNE J. BONGIOVANNI**
**United States Magistrate Judge**

---

[1] Because the Court finds that MacDermid's application lacks relevancy, the Court, at this time, does not reach DuPont's argument that it would be unduly burdensome for DuPont to produce the information sought.